UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DERRICK D. BAKER,

Plaintiff,

v.                                          CAUSE NO. 1:24-CV-545-HAB-SLC

HERSHBERGER, WIESE, and SEXTON,

Defendants.

OPINION AND ORDER

Derrick D. Baker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baker alleges that he is being denied access at the Allen County Jail to the tablet that he uses for legal research. He says that without his tablet, he is limited to doing legal research in the two hours he is let out of his cell each day. That is not enough time, he says, to do the reading and research that he needs to properly prepare for his criminal trial and civil lawsuits.

Baker's complaints about not receiving sufficient time to conduct legal research does not state a claim for relief. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017).

Here, Baker has not shown any injury. Public records reflect that Baker is represented by counsel in his criminal trials. *See State v. Baker*, No. 02D06-2306-F3-000041 (Allen Super. Ct. filed June 16, 2023); *State v. Baker*, No. 02D06-2304-F2-000020 (Allen Super. Ct. filed Apr. 17, 2023). Having counsel satisfies the state's obligation to provide him access to the courts. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) ("Although the Marshall County jail does not have a law library, Martin was represented by counsel on his criminal charges.").

As for Baker's civil matters, in which he is representing himself, he has not alleged that the limitations at the jail have resulted in an injury. "[T]he inmate therefore must . . . demonstrate that the alleged shortcomings in the library or legal assistance

program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see also*

*Johnson v. Barczak*, 338 F.3d 771, 772–73 (7th Cir. 2003) ("[W]ithout a showing that the

defendants prevented him from pursuing a nonfrivolous legal action, a prisoner cannot

prove a constitutional violation." (quotation marks omitted)). Baker does not identify

any civil case that was harmed by his limited access to legal research.

This complaint does not state a claim for which relief can be granted. If Baker

believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil

cases is to allow defective pleadings to be corrected, especially in early stages, at least

where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

library. He needs to write the word "Amended" on the first page above the title

"Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Derrick D. Baker until **March 19, 2025**, to file an amended

complaint; and

(2) CAUTIONS Derrick D. Baker if he does not respond by the deadline, this case

will be dismissed under 28 U.S.C. § 1915A without further notice because the current

complaint does not state a claim for which relief can be granted.

SO ORDERED on February 13, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE